UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD BARAWSKAS,

        Petitioner,

v.                                            CASE NO. 05-CV-74491-DT
                                             HONORABLE GERALD E. ROSEN

PATRICIA L. CARUSO,

        Respondent.
_____/

## **OPINION AND ORDER DENYING HABEAS CORPUS PETITION**

Petitioner Ronald Barawskas has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for operating a vehicle under the influence of liquor. Because Petitioner's claim lacks merit, the habeas petition will be denied.

### I.  Background

On November 12, 1999, Petitioner was arrested for drunk driving and driving on a suspended license. He was released on the same day without a ticket, without being arraigned, and without bond or a notice to appear in court. On November 16, 1999, prosecutors sought a warrant for Petitioner's arrest. Over three years later, on December 3, 2002, the warrant was signed and issued. Another year lapsed before Petitioner was arrested and arraigned on the charges. He moved to dismiss the charges on the ground that his right to a speedy trial was violated. The trial court denied his motion, and the State's appellate courts denied his interlocutory appeals because they were not persuaded of the need for immediate appellate review. *See People v. Barawskas*, No. 254014 (Mich. Ct. App. Mar. 4, 2004); *People v.*

*Barawskas*, 469 Mich. 1050; 679 N.W.2d 71 (2004) (table).[1]

On March 8, 2004, Petitioner pleaded guilty to operating a vehicle under the influence of liquor, second offense. He waived his trial rights, but preserved his right to appeal his speedy trial claim. In return for Petitioner's plea, the prosecutor dismissed a charge of operating a vehicle under the influence of liquor, fourth offense, and the misdemeanor charge of driving with a suspended licence, second offense. The prosecutor also agreed to recommend probation and thirty days in jail at the trial court's discretion. On April 1, 2004, the trial court sentenced Petitioner to probation for two years with the possibility of serving the last sixty days in jail if Petitioner did not comply with the conditions of probation.

Petitioner subsequently raised his speedy trial claim in applications for leave to appeal. The Michigan Court of Appeals denied leave to appeal for "lack of merit in the ground[] presented." *People v. Barawskas*, No. 254960 (Mich. Ct. App. June 24, 2004). On January 27, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the question presented should be reviewed. *People v. Barawskas*, 472 Mich. 852; 691 N.W.2d 455 (2005) (table).[2]

Petitioner filed his habeas corpus petition through counsel on November 28, 2005. He claims that the four-year delay between his drunk driving arrest in 1999 and his arraignment on December 1, 2003, violated his Sixth Amendment right to a speedy trial. Respondent urges the Court to deny the habeas petition on the merits.[3]

---

[1] Justices Michael F. Cavanagh and Marilyn Kelly voted to grant leave to appeal.

[2] Justices Michael F. Cavanagh and Marilyn Kelly once again voted to grant leave to appeal.

[3] Petitioner was discharged from custody on March 17, 2006.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

## III. Discussion

Petitioner alleges that he was denied a speedy trial because there was a four-year delay between his arrest in 1999 and his arraignment in 2003. He claims that he suffered prejudice in the form of anxiety and concern as a result of the delay.

Whether a defendant was deprived of a speedy trial is a distinct question from whether there was a delay in bringing charges against the defendant. The Due Process Clause of the Fifth Amendment protects against excessive pre-indictment delay, *United States v. Lovasco*, 431 U.S. 783, 789 (1977), whereas "freedom from *post*-indictment delay [is] guaranteed by the Speedy Trial Clause of the Sixth Amendment, *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992) (emphasis in original). The Speedy Trial Clause does not apply to pre-indictment delay because "only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections' of that provision." *Lovasco*, 431 U.S. at 788-89 (quoting *United States v. Marion*, 404 U.S. 307, 320 (1971)). The delays in this case can be divided into two periods: (1) pre-indictment delay from November 12, 1999, the date of the offense, to December 3, 2002, when the arrest warrant was issued; and (2) post-indictment or pretrial delay from December 3, 2002, when the warrant was signed and issued, until March 8, 2004, the date set for trial.

### A. Pre-Indictment Delay

The Supreme Court has stated that

> [t]here is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.

4

*Hoffa v. United States*, 385 U.S. 293, 310 (1966). In other words,

> prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt. To impose such a duty "would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself," *United States v. Ewell*, [383 U.S. 116, 120 (1966)].

*Lovasco*, 431 U.S. at 791. No one's interests, whether it be potential defendants, law enforcement officials, or the courts " would be well served by compelling prosecutors to initiate prosecutions as soon as they are legally entitled to do so." *Id*. at 791-92. "Dismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982).

### 1. Prejudice

#### a. Actual vs. Presumed Prejudice

Petitioner alleges on the basis of state law that prejudice is presumed because the delay in his case was more than eighteen months. The pre-indictment delay in *Lovasco* was eighteen to nineteen months, and the Supreme Court stated there that "proof of actual prejudice makes a due process claim concrete and ripe for adjudication," but not "automatically valid." *Lovasco*, 431 U.S. at 789. *Lovasco* and *Marion* "require that actual prejudice resulting from the delay be proven by the defendants and not presumed . . . ." *United States v. King*, 593 F.2d 269, 271 (7th Cir. 1979); *accord United States v. Beszborn*, 21 F.3d 62, 66 (5th Cir. 1994) (stating that "[t]he concept of presumed prejudice has no place in a due process analysis" and that "it is actual prejudice, not possible or presumed prejudice, which is required to support a due process claim"); *Arnold v. McCarthy*, 566 F.2d 1377, 1383 n.1 (9th Cir. 1978) (stating that "[t]he due

5

process calculus is not even brought into play until actual prejudice is shown"). And although Petitioner's pre-indictment delay amounted to about thirty-seven months, the Sixth Circuit has found pre-indictment delays that were roughly comparable or even longer to be consistent with due process. *See Brown*, 959 F.2d at 67 (collecting cases).

### b. Availability of Evidence

Petitioner urges the Court to find that he was actually prejudiced by the delay because his ability to challenge breathalyzer results was compromised. The prosecutor, however, stated at a pretrial hearing that the sole witness in the case was the police officer who made the traffic stop. The prosecutor maintained that the officer and data routinely maintained by the police department were still available. (Tr. Feb. 6, 2004, at 10.) Petitioner has not shown otherwise.

### c. Anxiety and Concern

Petitioner claims that the delay caused a substantial amount of anxiety and concern. Petitioner's attorney, however, stated at the preliminary examination that Petitioner was completely unaware of any criminal prosecution against him and that he had gone on with his life. (Tr. Dec. 9, 2003, at 7.) This comment belies Petitioner's contention that the pre-indictment delay caused him to suffer from anxiety and concern.

Petitioner nevertheless claims that prejudice resulted from an administrative delay in reinstating his driver's licence. The prejudice contemplated in court decisions, however, is impairment to the defendant's right to a fair trial and the right to present an effective defense. *See, e.g., Marion*, 404 U.S. at 324; *Brown*, 667 F.2d at 568. An administrative delay in reinstating Petitioner's license does not fall within that definition of "prejudice." The Court concludes for the foregoing reasons that Petitioner was not prejudiced by pre-indictment delay.

### 2. Reason for the Delay

Petitioner also has not shown that the prosecutor intentionally delayed bringing charges to gain some tactical advantage over him. Although the investigation may have been complete when Petitioner committed the offense, this fact does not support a finding of intentional delay for an improper purpose. The record is simply devoid of any evidence suggesting that the State exploited the delay to gain a tactical advantage over Petitioner or to harass him. The possibility exists that the prosecutor was merely negligent in charging Petitioner.

### 3. Summary

The state court found no merit in Petitioner's claim. That conclusion did not result in a decision, which was contrary to, or an unreasonable application of, *Lovasco*, *Hoffa*, or *Marion*. Therefore, Petitioner is not entitled to habeas corpus relief on the basis of pre-indictment delay.

### B.  Post-Indictment or Pretrial Delay

The Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." U.S. Const. amend. VI. This right applies to the states through the Fourteenth Amendment." *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005) (citing *Klopfer v. North Carolina*, 386 U.S. 213 (1967)). In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court stated that "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case. . . ." *Id.* at 522. To facilitate this analysis, the Supreme Court devised "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 530. Courts must consider the length of the delay, the reason for the delay, the defendant's assertion of the right to a speedy trial, and any prejudice to the defendant. *Id*. These four factors are related to one another and "must be

considered together with such other circumstances as may be relevant." *Id*. at 533.

### 1. The First Three Factors:  Length of the Delay, Reasons for the Delay, and Assertion of the Right

The first factor, the length of the delay, is a threshold requirement. *Maples*, 427 F.3d at 1025.  Delay is measured from the date of the indictment or the date of the arrest, whichever is earlier, to the defendant's trial. *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (citing *Maples*, 427 F.3d at 1026).  A delay approaching one year is presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).  For purposes of this case, the delay is measured from the date that the warrant was issued on December 3, 2002, to the date of trial, which was set for March 8, 2004.  This interval was approximately fifteen months or more than a year.  Consequently, the Court must consider the other *Barker* factors (reasons for the delay, assertion of the right, and prejudice). *Maples*, 427 F.3d at 1026.

None of the delay was attributable to Petitioner, and because the prosecution never explained the reason for the delay in bringing Petitioner to trial, this factor "is weighted against the prosecution." *Redd v. Sowders*, 809 F.2d 1266, 1269 (6th Cir. 1987).  The third factor also weighs against the prosecution, because Petitioner promptly asserted his right to a speedy trial eight days after his arrest and arraignment in 2003.

### 2. The Fourth Factor:  Prejudice

Prejudice from pretrial delay must be "assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532.  These interests include (1) prevention of oppressive pretrial incarceration, (2) minimizing anxiety and concern, and (3) limiting the possibility that the defense was impaired. *Id.*

The pretrial delay in Petitioner's case was about fifteen months.  Petitioner was not

incarcerated during that time; he was free on bond. And although he contends that he suffered from anxiety and concern, the pleadings and record indicate otherwise. Between 1999 and 2003, Petitioner acquired a new residence, a new job, and became engaged to be married. Furthermore, Petitioner's defense to the charges was not impaired. As previously noted, the sole witness was the police officer who made the traffic stop, and he remained available to testify. The relevant data also was still available.

### 3. Summary

The first three *Barker* factors tend to weigh in Petitioner's favor. The post-indictment or pretrial delay was presumptively prejudicial, the prosecutor failed to explain the delay, and Petitioner promptly asserted his right to a speedy trial after learning of the charges.

The Court nevertheless believes that these factors are outweighed by the following considerations, which favor the State. First, the pretrial delay was not excessively long. The delay in *Barker* was much longer (more than five years), yet the Supreme Court held that the petitioner was not deprived of his due process right to a speedy trial.

Second, there has been no showing that the State delayed arresting Petitioner for the purpose of gaining a tactical advantage over him or to harass him. A neutral reason for pretrial delay, such as negligence, should be weighted less heavily against the State than a deliberate attempt to delay trial. *Barker*, 407 U.S. at 531.

Finally, Petitioner was not prejudiced by the delay. In fact, for the first year of the fifteen-month pretrial delay, he apparently was unaware of the charges, and, to his credit, he appears to have thrived during the delay. On balance, Petitioner's right to a speedy trial was not violated.

### IV.  Conclusion

The state appellate court's finding that Petitioner's claim lacked merit was not contrary to, or an unreasonable application of, Supreme Court precedent.  Therefore, Petitioner's application for the writ of habeas corpus [Doc. #1, Nov. 28, 2005] is DENIED.

The Court DECLINES to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court also DECLINES to grant leave to proceed *in forma pauperis* on appeal.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  October 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager